UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRANDEN COLVIN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-04118-SLD-JEH |
| | ) |
| ROCK ISLAND POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is a Motion to Dismiss, ECF No. 20, by Defendant Rock Island Police Department Arresting Officer ("John Doe"). Plaintiff Branden Colvin, Sr. raises a claim in his Amended Complaint, ECF No. 15, that John Doe violated his Thirteenth Amendment rights. For the following reasons, the Motion to Dismiss is GRANTED.

BACKGROUND[1]

On April 16, 2016, at approximately 2:10am, Rock Island Police officers removed Branden Colvin from downtown Rock Island for "yelling at several females" sitting on a bench. Colvin then returned to the area driving a black sport utility vehicle ("SUV") and attempted to drive the SUV past the road block protecting pedestrians near the taverns. After leading the police in a chase, which included Colvin speeding, running stop signs, and driving so recklessly that police had to "rush two people out of the way to prevent them from being hit" by Colvin's SUV, he was finally arrested at a gas station and booked into the Rock Island County Jail. Colvin

---

[1] In a motion to dismiss, the allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 600–01 (7th Cir. 2016). Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Amended Complaint ("Am. Compl."), ECF No. 15.

1

filed an initial complaint in federal court on June 21, 2016, *see* Compl., ECF No. 1, against the "Arresting Officer" at Rock Island Police Department, under a theory that his Thirteenth Amendment rights had been violated and that he was falsely imprisoned. He then filed an "Amended Form," construed by the Court as an amended complaint, on February 8, 2017, ECF No. 15, again proceeding on the theory that his Thirteenth Amendment rights had been violated. Defendant John Doe filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on March 9, 2017. *See* Mot. Dismiss, ECF No. 20.

## DISCUSSION

### a. Rule 8(a) and Legal Standard for 12(b)(6) Motion to Dismiss

A court will dismiss a complaint if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, the trial court must be able to understand "the allegations sufficiently to determine that [a plaintiff] could state a claim for relief." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001)). A complaint may also fail to serve the "essential function" delineated in Rule 8(a) if it "fails to give the defendant the notice to which he is entitled." *Davis*, 269 F.3d at 820. Further, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Rule 8(d) guides plaintiffs to provide "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1).

When a plaintiff represents himself pro se, the complaint is to be "held to less stringent standards" than pleadings by lawyers and must be liberally construed. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 & n.2 (7th Cir. 1996) (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981)). District courts have the responsibility, short of "becom[ing] advocate[s]," to ensure that pro se plaintiffs have "ample opportunity for amending the complaint" and that their claims be adjudicated on the merits, rather than dismissed on technicalities. *Id.* at 555. The Seventh Circuit has considered the types of drafting flaws that trial courts should and should not overlook when considering pro se complaints. "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis*, 269 F.3d at 820. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard*, 658 F.3d at 798.

**b. Analysis**

The John Doe officer named in Colvin's complaint moves to dismiss said complaint, arguing that Colvin has failed to state a claim upon which relief can be granted. The Court agrees.

In the top margin of the filing Colvin has labeled "Amended Form," Colvin has handwritten "violation 13th Amendment." Am. Compl. 1. This is the only clue provided to the Court and to Defendant as to what kind of legal wrong Colvin is alleging. Aside from that annotation, Colvin has transcribed various parts of Rock Island Police Department's parole violation report chronicling the reasons for his arrest, without providing context as to whether he is challenging the officers' version of those facts or relating them as true. The entire amended complaint consists only of the parole violation report, and two handwritten pages reiterating some of the allegations in the report. Even if all the facts in the complaint are taken as true, the

information provided by Colvin makes it impossible for the Court to make out a coherent claim for relief. Colvin does not plausibly allege any improper or unconstitutional behavior on the part of any specific Rock Island Police Officer.

In any case, even if Colvin had identified a set of facts that could give rise to an inference of misconduct, the Thirteenth Amendment cannot provide him any relief in relation to his arrest. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. A claim under the Thirteenth Amendment fails when the plaintiff does not allege that he was "coerced into performing labor through the threat of physical or legal sanctions." *Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 901 (7th Cir. 1997) (citing *United States v. Kozminski*, 487 U.S. 931, 944 (1988)). Whatever Colvin's dissatisfaction with the way Rock Island Police handled his arrest, he has presented no allegations regarding any labor he was forced to perform under threat of physical or legal sanctions. He has not stated a claim under which relief can be granted.

## CONCLUSION

Defendant's Motion to Dismiss, ECF No. 20, is GRANTED. The Amended Complaint, ECF No. 15, is DISMISSED.

Entered this 19th day of July, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
